IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KETERIA SMITH and DAVAUN          *
COTTEN, *individually and as*
*parents and next friends of*     *
*K.C., a minor*,
                                  *
     Plaintiffs,
                                  *
vs.                                        CASE NO. 4:19-CV-152 (CDL)
                                  *
UNITED STATES OF AMERICA, *et*
*al.*,                            *

     Defendants.                  *

─────────────────────────────

O R D E R

Plaintiffs claim that Defendant Kamesha Harbison, M.D., an employee of Valley Healthcare System, Inc., committed medical malpractice that caused injuries to Plaintiffs. The Court previously concluded Dr. Harbison and Valley Healthcare were deemed employees of the Public Health Service and that Dr. Harbison was in the scope of her duties as an employee when she provided medical care to Plaintiffs. *See generally Smith v. Harbison*, No. 4:19-CV-152 (CDL), 2020 WL 6216758 (M.D. Ga. Oct. 22, 2020). Accordingly, the Court ordered the United States to be substituted as the party defendant in place of Dr. Harbison and Valley Healthcare. *Id.* at *5. The United States contends, however, that Plaintiffs failed to comply with the Federal Tort Claims Act's statute of limitations and that Plaintiffs' claims

against the United States should thus be dismissed.   For the reasons set forth below, the Court agrees, and the Government's motion to dismiss the claims against the United States (ECF No. 57) is granted.

## MOTION TO DISMISS STANDARD

The Government seeks dismissal of Plaintiffs' claims against the United States under Federal Rule of Civil Procedure 12(b)(6).  The Court finds that a motion to dismiss based on the Federal Tort Claims Act's time bar may be treated under the circumstances presented here "as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."  *Harris v. United States*, 627 F. App'x 877, 879 (11th Cir. 2015) (per curiam).   In considering a motion to dismiss under Rule 12(b)(6), the courts must generally accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff.  *Id.* Although the courts generally may not look beyond the pleadings in reviewing a Rule 12(b)(6) motion, there is no dispute here about the facts relevant to the Government's statute of limitations defense.

## FACTUAL BACKGROUND

Dr. Harbison provided labor and delivery services to Keteria Smith on November 20 and 21, 2016.  Plaintiffs assert that Dr. Harbison negligently rendered medical care to Smith and that as a result Smith's baby was born with severe injuries on

November 21, 2016.  Plaintiffs, who are represented by counsel, initiated a state court civil action against Dr. Harbison, Valley Healthcare, St. Francis Hospital, and several hospital nurses on November 19, 2018, and those Defendants were served with the Complaint on November 21, 2018.  Plaintiffs believe that Valley Healthcare delivered a copy of Plaintiffs' complaint to the United States Department of Health and Human Services Office of General Counsel on November 21, 2018.  *See* Lang Decl. ¶ 28, ECF No. 24-1 ("On November 21, 2018, [Valley Healthcare] delivered copies of [Plaintiffs'] complaint to the United States Department of Health & Human Services Office of General Counsel.").

On January 22, 2019, Plaintiffs filed a notice of administrative tort claim with the United States Department of Health and Human Services ("HHS").  HHS denied the claim on August 26, 2019, and sent Plaintiffs' counsel a written denial of the claim.  Gov't's Mot. to Dismiss Attach. 2, Letter from W. Biglow to N. Matteo (Aug. 26, 2019), ECF No. 57-2.  The letter informed Plaintiffs' counsel that if her clients were dissatisfied with the determination, they may either file a written request with HHS for reconsideration within six months or file suit against the United States within six months.  *Id.* Less than a month later, Dr. Harbison and Valley Healthcare removed the state court action to this Court, arguing that they

were deemed federal employees and that the United States should be substituted in their place.  Plaintiffs opposed the removal, and they filed a motion to remand arguing that Dr. Harbison and Valley Healthcare were not deemed federal employees under the Federal Tort Claims Act.  The Court denied the motion to remand. On October 22, 2020, the Court ordered that the United States be substituted as a defendant in place of Dr. Harbison and Valley Healthcare.  Plaintiffs perfected service on the United States on November 5, 2020.

DISCUSSION

Under the Federal Tort Claims Act, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b); *accord Tucker v. United States*, 724 F. App'x 754, 757 (11th Cir. 2018) (per curiam).  Both deadlines must be met.  *Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018) (collecting cases requiring that both conditions of § 2401(b) be met); *accord Tucker*, 724 F. App'x at 757 (affirming dismissal of Federal Tort Claims Act case because it was not filed within six months of the relevant federal agency's final denial of the claim).

Here, even if the Court concluded that the first condition of § 2401(b) is met because Plaintiffs' complaint was submitted to HHS by Valley Healthcare on November 21, 2018, it is undisputed that Plaintiffs did not commence an action against the United States within six months after HHS denied their claim on August 26, 2019.  Plaintiffs do not argue that naming as Defendants Dr. Harbison and Valley Healthcare—for whom the United States was substituted as the party defendant on October 22, 2020—was sufficient to meet the requirements of § 2401(b). Rather, they contend that the doctrine of equitable tolling should apply to toll § 2401(b)'s statute of limitations.

Plaintiffs are correct that the "courts may equitably toll § 2401(b)'s two time limits." *United States v. Kwai Fun Wong*, 575 U.S. 402, 407, 420 (2015).  But equitable tolling "is an extraordinary remedy" that "should be extended only sparingly." *Harris*, 627 F. App'x at 880 (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006); *accord Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016) (per curiam).  The plaintiff has the burden to show that equitable tolling is warranted. *Chang*, 839 F.3d at 996.  Equitable tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [their] control and unavoidable even with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336,

1342 (11th Cir. 2017) (quoting *Sandvik v. United States*, 177
F.3d 1269, 1271 (11th Cir. 1999)).

   Plaintiffs contend that they could not in good faith name
the United States as a defendant in this action within six
months after HHS denied their claim because by that time
Plaintiffs believed that Dr. Harbison and Valley Healthcare were
not deemed public employees. Thus, instead of asserting claims
against the United States, Plaintiffs filed a motion to remand
this action, arguing that their action was a state law action
against private parties who were not entitled to invoke the
Federal Tort Claims Act. *See generally* Pls.' Mot. to Remand,
ECF No. 21. Plaintiffs later opposed substitution of the United
States as the defendant for Dr. Harbison and Valley Healthcare.
*See generally* Pls.' Opp'n to Defs.' Mot. to Substitute, ECF No.
37. The Court is unconvinced that these circumstances warrant
the extraordinary remedy of equitable tolling. Plaintiffs'
choices were not beyond Plaintiffs' control or unavoidable with
due diligence. Well before Plaintiffs' six-month deadline for
naming the United States as a defendant, Plaintiffs knew that
Dr. Harbison and Valley Healthcare argued that they were deemed
public employees and that the United States should be
substituted as the defendant in their place. Plaintiffs had
evidence regarding Valley Healthcare's federal grant
application, as well as evidence about the employment agreement

between Dr. Harbison and Valley Healthcare. Based on this evidence, Plaintiffs should have understood that there was a reasonable chance that Valley Healthcare and Dr. Harbison might be deemed public employees under the applicable law, despite the Government's position on the issue.

Under these circumstances, the Court does not find that the United States lured Plaintiffs into reaching their decisions. Rather, Plaintiffs made strategic decisions regarding how to proceed with their claims. They decided to place all their eggs in one basket and rest their case upon the hope that Dr. Harbison and Valley Healthcare would not be deemed public employees, choosing to forego an alternative course of pursuing their claims against the United States based upon the argument that Dr. Harbison and Valley Healthcare should be deemed public employees. The Court acknowledges that Plaintiffs' hope was shared by the United States, at least for a time, when it also maintained that it was not a proper party to this action. But a misunderstanding of the law does not constitute extraordinary circumstances even if another party shares that misunderstanding. To allow equitable tolling here would expand its use to most every situation in which the plaintiff relies upon a misinterpretation of the law in choosing a course of action. Such a broad application is not contemplated by the equitable principles that authorize tolling of statutes of

limitation under extraordinary circumstances. Plaintiffs' claims cannot be rescued by equitable tolling.[1]

CONCLUSION

Without any extraordinary reason for doing so, Plaintiffs failed to name the United States as a defendant in this action within six months after HHS's final denial of their claims. Thus, their claims are untimely under the Federal Tort Claims Act. Accordingly, the Government's motion to dismiss the claims against the United States (ECF No. 57) is granted.

Within fourteen days of today's order, Plaintiffs and the remaining Defendants (Caitlyn Downs, Kelly McNany, Lifepoint Health, Inc., and St. Francis Health, LLC) shall show cause why the remaining claims in this action should not be remanded to the State Court of Muscogee County.

IT IS SO ORDERED, this 20th day of July, 2021.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Plaintiffs argue that if the Court finds that Plaintiffs did not adequately present their claim to HHS within two years after their claims accrued, the "savings clause" of 28 U.S.C. § 2679(d)(5) applies. The savings clause may be used to save a Federal Tort Claims Act claim that is not timely presented to the appropriate administrative agency, but it does not apply to save claims that are not filed in federal court within six months after the agency's final decision on the claim.